### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

DAKOTA ASSET SERVICES LLC AS
ATTORNEY-IN-FACT FOR U.S.
BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS
TRUSTEE FOR THE RMAC TRUST,
SERIES 2016-CTT,

        Plaintiff,

    v.

GLENDA E. NIXON, KHALIL ABDUL
HAKIM, and JANE & JOHN DOES 1
THROUGH 5,

        Defendants.

Civil No. 19-16126 (NLH/JS)

**OPINION**

**APPEARANCES**

ERIC S. HAUSMAN
LAW OFFICES OF STEVEN A. VARANO
96 NEWARK POMPTON TURNPIKE
LITTLE FALLS, NJ 07424

JOSEPH P. SLAWINSKI
LAW OFFICES OF STEVEN A. VARANO
96 NEWARK POMPTON TURNPIKE
LITTLE FALLS, NJ 07424

    *Counsel for Plaintiff.*

KHALIL ABDUL HAKIM
26 RIVERBANK AVENUE
BEVERLY, NJ 08010

    *Defendant, pro se.*

**HILLMAN**, District Judge

    This matter comes before the Court on motion of Plaintiff,

self-identified as "Dakota Asset Services LLC, as attorney-in-fact for U.S. Bank National Association, not in its individual capacity, but solely as trustee for the RMAC Trust, Series 2016-CTT" ("Plaintiff") to remand this matter to the Superior Court of New Jersey. (ECF No. 19). Khalil Abdul Hakim ("Defendant") opposes Plaintiff's motion and cross-moves for entry of default and for sanctions (ECF No. 20). For the reasons that follow, both motions will be denied, the former without prejudice.

<u>**BACKGROUND**</u>

This case is remarkable less for its underlying substantive dispute and more for its procedural nuances. At the heart of the Court's current inquiry into the predicate issue of its jurisdiction are these two seemingly simple questions: Who or what is the real party in interest on Plaintiff's side of the "v." and what citizenship does that party hold. Despite its best efforts, the Court has not had those simple questions answered, questions that must be answered before any further proceedings or decisions are proper.

On July 8, 2019, Plaintiff filed a complaint in the Superior Court of New Jersey against Defendant, Glenda E. Nixon, and other placeholder defendants (the "State Court Defendants") seeking a writ of possession for property located in Burlington County and seeking to evict the State Court Defendants from that property. On July 31, 2019, Defendant removed this action from

the Superior Court to this Court, asserting both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF No. 1 at 2).

As it is ordinarily and routinely the burden of the removing party to establish jurisdiction, this Court entered its first of many Orders to Show Cause on August 2, 2019 requiring Defendant to explain why this matter should not be remanded for lack of subject matter jurisdiction.  (ECF No. 4).  As an initial matter, it appeared from the face of the complaint that no federal question had been presented.  After receiving Defendant's response, the Court found Defendant failed to satisfy this Court that it could properly exercise subject matter jurisdiction under 28 U.S.C. § 1331, and Ordered Defendant to show cause why diversity jurisdiction existed as Defendant had not adequately alleged the citizenship of any party in the initial notice of removal.  (ECF No. 4).

On August 16, 2019, Defendant amended his notice of removal (ECF No. 6), but again failed to adequately allege the citizenship of any party.  As such this Court issued a second Order requiring Defendant to Show Cause why the matter should not be remanded for lack of subject matter jurisdiction (ECF No. 7).

In the mine-run case, this process might end the matter if the removing defendant was unable to establish jurisdiction.

3

But there were several aspects of this case that made it somewhat unique.  First, the removing Defendant, apparently a tenant, if that, in the subject property, was acting *pro se*. Second, the named Plaintiff has a somewhat unique position as it relates to the subject property in that it is not apparently the property owner but a special purpose entity authorized by a contract with the property owner to evict Plaintiff, raising issues as to who the real party in interest is for determining the Court's jurisdiction.  Lastly, the latter issue was itself potentially layered as Plaintiff identified itself as acting for a trust, which if the real party in interest, would have invoked several possible different tests of citizenship.

Accordingly, mindful of Plaintiff's *pro se* status and Third Circuit case law that provides some leeway to a removing party acting in good faith who may be unable to fully identity the citizenship of an opposing party especially where, as here, the party purports to be a limited liability company,[1] the Court

---

[1] Some leeway may be granted to a defendant alleging the citizenship of an adversary in its notice of removal, but the removing party must still demonstrate a good faith attempt to properly aver the citizenship of its adversary, see Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015) (providing that "[i]n order to satisfy its obligations under Rule 11, a party must conduct a reasonable inquiry into the facts alleged in its pleadings," and a party "should consult the sources at its disposal, including court filings and other public records" in order to "allege complete diversity in good faith").  To be clear, the Court assumes at this early stage of addressing jurisdiction that Defendant acts in good faith but

4

Ordered the parties to submit a joint certification as to their citizenship so the Court could assess whether diversity amongst the parties existed.  (ECF No. 7 at 3).

This attempt to "cut to the chase" proved equally unproductive.  On September 9, 2019, Plaintiff submitted a unilateral statement purporting to satisfy this Court's joint certification requirement.  (ECF No. 8).  Plaintiff's statement of citizenship, however, remained incomplete.  (ECF No. 8) (improperly setting forth Dakota Asset Services LLC's citizenship by failing to identify the citizenship of Dakota's members, and failing to explain the citizenship of U.S. National Bank and the RMAC Trust, Series 2016-CTT).  On September 10, 2019, Defendant filed a similarly deficient response, failing to properly set forth the citizenship of any party.  (ECF No. 9).

Again, in light of Defendant's *pro se* status, and in an effort to gain clarity on the citizenship of all parties to this action, Magistrate Judge Schneider presided over a hearing on October 7, 2019 to make further inquiry of the parties on the subject of diversity.  Plaintiff appeared at this hearing through counsel, while Defendant failed to appear.  At that hearing, Plaintiff was directed to submit a renewed certification as to its citizenship.

---

makes no finding on that issue.

Particularly, the Court's Order required Plaintiff to fully identify its citizenship and explain who the proper party in interest was.  On October 24, 2019, Plaintiff submitted its revised statement of citizenship, asserting that a member of Dakota Asset Services LLC – the entity Plaintiff suggests is the proper party in interest - is a citizen of New Jersey.  (ECF No. 13 at ¶5).  As such, Plaintiff averred that complete diversity of citizenship amongst the parties did not exist and this Court lacked subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  (ECF No. 13 at ¶8).[2]

Remaining unsatisfied, the Court scheduled a second hearing to address the issue of subject matter jurisdiction.  Again, Plaintiff appeared for that hearing, while Defendant failed to appear as required.  (ECF No. 16).

On January 31, 2020, Plaintiff filed the present motion to remand arguing (1) the Court lacks subject matter jurisdiction by way of diversity and (2) because Defendant was sued in New Jersey state court, and because Defendant is a citizen of New Jersey, removal was not proper under 28 U.S.C. § 1441(b)(2).  On February 20, 2020, two days after the opposition date had expired, Defendant opposed Plaintiff's motion and cross-moved for sanctions and entry of default.  Plaintiff opposes

---

[2] Defendant did not actively participate in this process, despite being Ordered to do so, and despite being the removing party.

Defendant's cross motion.  As such, all outstanding motions have been fully briefed and are ripe for adjudication.

## DISCUSSION

### I.   Subject Matter Jurisdiction

Whether this Court may exercise subject matter jurisdiction over this action is paramount to the Court's consideration of the present motions.  The Third Circuit has long made clear that federal courts "always [have] jurisdiction to determine [their] own jurisdiction." Guerra v. Consol. Rail Corp., 936 F.3d 124, 131 (3d Cir. 2019) (quoiting White-Squire v. United States Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010)).  On that basis, the Court proceeds to determine whether adequate jurisdiction exists.

### II.  Plaintiff's Motion To Remand

Plaintiff moves to remand this matter on several bases. First, Plaintiff argues that the Court lacks subject matter jurisdiction because Plaintiff is a New Jersey citizen and Defendant is a New Jersey citizen, thereby defeating diversity jurisdiction.  Second, Plaintiff argues that the "forum defendant rule" applies because Defendant was sued in New Jersey state court, and because Defendant is a citizen of New Jersey, removal was not proper under 28 U.S.C. § 1441(b)(2).  Third, Plaintiff advances a number of preclusion and abstention arguments.

A. Legal Standard

Subject to a limited number of congressionally created exclusions, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal and all doubts must be resolved in favor of remand. Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Once an action is removed, federal courts have an independent obligation to address issues of subject matter jurisdiction and may do so at any stage of the litigation. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). Parties may not confer subject matter jurisdiction by consent, but must affirmatively satisfy the Court that jurisdiction exists. See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). It remains the obligation of the party asserting jurisdiction to establish that jurisdiction exists. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (holding that the party asserting diversity jurisdiction bears the burden of proof, by a

preponderance of the evidence, as to the completeness of diversity).

Once proof of jurisdiction has been offered, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976) (citations omitted).

B. Federal Question Jurisdiction Is Lacking

Defendant has asserted at various times in this action that federal question jurisdiction exists.  Federal question jurisdiction exists only when a plaintiff's "well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." DeBiasse v. Chevy Chase Bank Corp., 144 F. App'x 245, 246-47 (3d Cir. 2005) (quoiting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).  A simple review of Plaintiff's complaint reveals that no issue of federal law is present in this action. Plaintiff's complaint seeks possession of real property located in Burlington County, and further, seeks to evict the State Court Defendants from property they reside in.  Federal courts do not have federal question subject matter jurisdiction over eviction proceedings or landlord tenant matters.  Hous. Auth. of

City of Bayonne v. Hanna, No. 08-cv-5988, 2009 WL 1312605, at *2
(D.N.J. May 11, 2009).  As such, this Court finds that Defendant
has not satisfied his burden of proving federal question
jurisdiction exists.

     C. Whether Diversity Jurisdiction Exists Remains Unclear

     "The principal federal statute governing diversity
jurisdiction, 28 U.S.C. § 1332, gives federal district courts
original jurisdiction of all civil actions 'between . . .
citizens of different States' where the amount in controversy
exceeds $75,000."  Lincoln Ben. Life Co. v. AEI Life, LLC, 800
F.3d 99, 104 (3d Cir. 2015) (citations omitted).  "For over two
hundred years, the statute has been understood as requiring
complete diversity between all plaintiffs and all defendants,
even though only minimal diversity is constitutionally
required."  Id.  This means that, unless there is some other
basis for jurisdiction, no plaintiff may be a citizen of the
same state as any defendant.  Id.  Plaintiff has not yet
identified who the proper party in interest is and has not
satisfactorily alleged the citizenship of the parties identified
in the caption.

     There are three separate entities identified by Plaintiff
on its side of the caption: (1) Dakota Asset Services LLC, as
attorney-in-fact for (2) U.S. Bank National Association, not in
its individual capacity, but solely as trustee for (3) the RMAC

Trust, Series 2016-CTT.  Each type of entity identified,
limited liability companies, national banking associations, and
trustees prove their citizenship differently, and the Court
addresses each in turn.

The citizenship of a limited liability company like Dakota
Asset Services, LLC ("Dakota Asset") is determined by the
citizenship of each of its members.  Zambelli Fireworks Mfg.
Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).  If any
member of an LLC is another LLC, a corporation, or a limited
partnership, then each member of the LLC, or each partner in the
limited partnership, must be identified and its citizenship
pled, and for any such member or partner that is a corporation,
the state of incorporation and its principal place of business
must similarly be identified and pled.  See Zambelli, 592 F.3d
at 420 (quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th
Cir. 2003)) ("[W]here an LLC has, as one of its members, another
LLC, 'the citizenship of unincorporated associations must be
traced through however many layers of partners or members there
may be' to determine the citizenship of the LLC.").

As for Dakota Asset, Plaintiff identifies that it is a
Delaware Limited Liability Company wholly owned by Rushmore Loan
Management Services, LLC ("Rushmore").  (ECF No. 13 at ¶2); (ECF
No. 19-3 at 7).  Rushmore is identified as a Delaware Limited
Liability Company, fully owned by Roosevelt Management Company

11

("Roosevelt").  (ECF No. 13 at ¶3).  Roosevelt too is a Delaware Limited Liability Company.  (ECF No. 13 at ¶4).  Plaintiff does not explain, however, Roosevelt's membership.  As such, Plaintiff fails to fully identify Dakota Asset's citizenship. See Zambelli, 592 F.3d at 420.

As for RMAC Trust, Series 2016-CTT, Plaintiff offers no explanation of the trust's citizenship to the extent it is relevant to the Court's inquiry.  To ascertain the citizenship of a trust, Plaintiff must examine whether the trust is of the traditional kind, often used for donative purposes, or a business entity identified as a trust, the distinction being of critical import to this Court's subject matter jurisdiction analysis.  See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 39 (3d Cir. 2018) ("[T]he citizenship of a traditional trust is only that of its trustee, while that of a business entity called a trust is that of its constituent owners.").  Plaintiff previously represented during oral argument that the trust at issue may be the latter, a business entity identified as a trust, but has not identified the owners of that trust.  As such, the citizenship of RMAC Trust, Series 2016-CTT has not been sufficiently set forth.

As for U.S. Bank, for diversity purposes, a "national banking association" is a citizen of the state in which its main office, as set forth in its articles of association, is

12

located.  Spano v. JP Morgan Chase Bank, NA, 521 F. App'x 66, 69 (3d Cir. 2013) (citing Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) (citing 28 U.S.C. § 1348)).  Plaintiff represents U.S. Bank is a citizen of Minnesota, but also explains that U.S. Bank does not appear itself, but instead only as trustee for RMAC Trust, Series 2016-CTT.  (ECF No. 13 at ¶6).  However, if the RMAC Trust, Series 2016-CTT is a business entity, as Plaintiff suggests, the citizenship of the trustee is not relevant for determining citizenship.  Plaintiff has not adequately explained why U.S. Bank's citizenship is important to this Court's jurisdictional analysis if at all.

Because Plaintiff has not sufficiently established the citizenship of at least two-thirds of its component parts, or adequately explained why their citizenship should be ignored, the Court must find that Plaintiff has not adequately set forth its citizenship.  Plaintiff has been offered numerous opportunities to comply with the Court's Orders demanding production of an adequate jurisdictional statement.  Still, no such statement has been produced.  As such, on the record before the Court, it remains unclear whether diversity jurisdiction exists.  Because it very well may, and because this Court would have an unflagging obligation to exercise that jurisdiction if properly conferred upon it, an order remanding this matter for lack of diversity at this juncture would be premature.  On the

other hand, if Plaintiff fully identifies and establishes that a member of Roosevelt is a citizen of New Jersey – the same citizenship of Plaintiff – and therefore that Rushmore and Dakota are New Jersey citizens, then the Court will promptly dismiss the matter for lack of subject matter jurisdiction.

    D. <u>The Forum Defendant Rule</u>

    Separately, Plaintiff argues that whether diversity jurisdiction exists or not, because Defendant is a citizen of New Jersey, and because Plaintiff properly sued him in New Jersey, the forum defendant rule barred removal of this action. (ECF No. 21 at 1-2).  While the forum defendant rule generally prohibits defendants sued in their home state from removing an action to federal court, any objection to removal under such circumstances requires the non-removing party to move for remand within thirty days of removal.  Plaintiff missed its deadline, and therefore, its argument must be rejected.

    The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); <u>Encompass Ins. Co. v. Stone Mansion Rest. Inc.</u>, 902 F.3d 147, 152 (3d Cir. 2018), <u>reh'g denied</u> (Sept. 17, 2018).  The Third

Circuit has long held that the forum defendant rule is procedural in nature as opposed to jurisdictional in nature. Id. (quoting Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995)). Because the issue is procedural and not jurisdictional, "it is clear under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal." Korea Exch. Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 51 (3d Cir. 1995); 28 U.S.C. § 1447(c) ("[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). If the procedural defect is not objected to in a timely fashion, the objection is, for practical purposes, waived. See id. at 50-51.

Plaintiff removed this action on July 31, 2019. (ECF No. 1). Plaintiff first moved for remand on January 31, 2020. (ECF No. 19). Because Plaintiff did not move to remand within thirty days of removal, it has waived its rights under the forum defendant rule. Korea Exch. Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 51 (3d Cir. 1995); 28 U.S.C. § 1447(c). As such, this Court must deny Plaintiff's motion to remand to the extent that motion relies upon the forum defendant rule.

15

E. Plaintiff's Abstention and Preclusion Arguments

Plaintiff advances a number of abstention and preclusion arguments, none of which warrant remand at this time.  For example, Plaintiff argues that the Rooker-Feldman doctrine divests the Court of subject matter jurisdiction.  (ECF No. 19-3 at 10-11).  The Rooker-Feldman doctrine, however, would not appear to apply here, at least not directly.  The doctrine's application is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005)).  Rooker-Feldman precludes federal courts from hearing cases brought by a party who lost in state court.  Great W. Mining & Mineral Co., 615 F.3d at 166. It was Plaintiff who filed the present action, not Defendant. The Court assumes that Plaintiff does not want this Court to dismiss its case as barred by Rooker-Feldman, a form of claim preclusion, as its apparent assignor was the winning party in the underlying state court foreclosure action.

We recognize that plaintiff seeks remand and not dismissal. However, even assuming that a Plaintiff who finds himself

16

unwillingly in federal court may invoke Rooker-Feldman

offensively to compel remand, there is a separate reason why

Rooker-Feldman does not apply.  As noted, Rooker-Feldman seeks

to avoid the lower federal courts from conducting appellate

review of state court judgments.  But here the removed action is

a pending eviction matter and not the underlaying and completed

foreclosure action.  In that sense the removed matter is not an

action brought offensively by a state court loser seeking

appellate review of a final judgment but an attempt to forestall

an ongoing state action.  Courts have been less willing to apply

Rooker-Feldman in the latter context.[3]

    Plaintiff also argues that this matter is precluded or

otherwise barred by the entire controversy doctrine or res

judicata.  These arguments too lack merit for similar reasons.

The entire controversy doctrine "embodies the principle that the

adjudication of a legal controversy should occur in one

litigation in only one court; accordingly, all parties involved

in a litigation should at the very least present in that

proceeding all of their claims and defenses that are related to

---

[3] A final judgment in the state court proceeding is required
before Rooker-Feldman can be applied.  See Kaul v. Christie, 372
F.Supp.3d 206, 231 n.20 (D.N.J. 2019) ("The [state court] case
... cannot be the basis of Rooker-Feldman dismissal [because]
[t]here was no final judgment entered in that case as of the
time this action was commenced, and there does not appear to
have been a final judgment even now.").

the underlying controversy." Wadeer v. New Jersey Mfrs. Ins.
Co., 605, 110 A.3d 19, 27 (N.J. 2015) (citation omitted).
Plaintiff filed this subsequent action, not Defendant.  To argue
that the action it filed is precluded by the entire controversy
doctrine or res judicata would be to admit this action should
never have been filed at all and moreover as set forth above
fails to distinguish the foreclosure action from the eviction
action.  While the entire controversy doctrine or res judicata
may be the reason Plaintiff ultimately wins its claim for
possession as any tenancy may not survive the foreclosure, those
issues have not been adjudicated and in any event those
principles do not squarely address the propriety of this Court's
jurisdiction.

     F. Defendant's Cross Motion

     Because it remains unclear whether this court may exercise
subject matter jurisdiction over this action, Defendant's cross
motion must be denied, without prejudice, until such time as
jurisdiction may be ascertained.  Where a court finds it lacks
subject matter jurisdiction, it cannot reach substantive matters
in dispute.  See gen. Arbaugh, 546 U.S. at 514, 126 S. Ct. at
1244 ("when a federal court concludes that it lacks subject-
matter jurisdiction, the court must dismiss the complaint in its
entirety.").  Unclear as to whether subject matter exists, the
Court reserves on Defendant's cross motion until such time as

the Court is satisfied it has jurisdiction to reach it.

G. Plaintiff Will Be Ordered, Again, To State Its Citizenship

Consistent with the Court's analysis above, Plaintiff has still not adequately identified the proper party in interest and set forth that parties' citizenship.  As such, Plaintiff will be ordered to (1) clearly and unequivocally identify the proper party in interest, or, put differently, explain which entities' citizenship matters in deciding whether diversity exists amongst the parties, and (2) clearly and unequivocally set forth the citizenship of those parties in a manner consistent with the authority discussed in this Opinion.  To the extent the real party in interest is a multi-layered LLC structure, Plaintiff must identify the members of each LLC and their respective citizenships and hence the citizenship of the LLC at each level of the corporate structure.  Plaintiff will be given ten (10) days within which to do so.

If Plaintiff fails to sufficiently set forth the jurisdictional information discussed above, the Court will issue an Order requiring representatives of Dakota Asset, U.S. Bank, and the RMAC Trust, Series 2016-CTT to appear before it so that testimony can be taken on the matter.

## CONCLUSION

The Court does not take lightly its obligation to exercise

19

jurisdiction properly afforded to it and is equally motivated to
ensure it does not exercise jurisdiction where none exists.  The
parties serve as stewards to the Court in ensuring this
obligation is met.  Therefore, for the reasons expressed above,
the Court will deny without prejudice both Plaintiff's motion to
remand (ECF No. 19) and Defendant's cross-motion (ECF No. 20).
Plaintiff will be directed to identify the proper party or
parties in interest clearly and unequivocally, and clearly and
unequivocally set forth the citizenship of that party or parties
within ten (10) days hereof.

   And appropriate Order will be entered.


Date: September 22, 2020          /s Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.