UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAKOTA ASSET SERVICES LLC AS ATTORNEY-IN-FACT FOR U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT,<br><br>  Plaintiff,<br><br>  v.<br><br>GLENDA E. NIXON, KHALIL ABDUL HAKIM, and JANE & JOHN DOES 1 THROUGH 5,<br><br>  Defendants. | Civil No. 19-16126 (NLH/JS)<br><br>**MEMORANDUM OPINION & ORDER** |

**HILLMAN**, District Judge

　　WHEREAS, this matter was removed by Defendant Khalil Abdul Hakim to this Court on the basis of federal question jurisdiction and diversity jurisdiction on July 31, 2019; and

　　WHEREAS, the Court determined that no federal question had been plead, and Ordered Defendant to show cause why diversity jurisdiction existed as Defendant had not adequately alleged the citizenship of any party in the initial notice of removal, (ECF No. 4); and

　　WHEREAS, the Court, understanding Defendant's *pro se* status and Third Circuit case law that provides some leeway to a removing party acting in good faith who may be unable to fully

identity the citizenship of an opposing party especially where, as here, the party purports to be a limited liability company, Ordered the parties to submit a joint certification as to their citizenship so the Court could assess whether diversity amongst the parties existed, (ECF No. 7 at 3); and

WHEREAS, the parties proceeded to file deficient responses, failing to properly set forth the citizenship of Plaintiff (ECF No. 8 and 9); and

WHEREAS, the Court has held multiple hearings attempting to ascertain the identity and citizenship of Plaintiff, but has never been provided a satisfactory answer to this central question; and

WHEREAS, on January 31, 2020, Plaintiff filed a motion to remand, arguing amongst other things that the Court lacks subject matter jurisdiction by way of diversity; and

WHEREAS, this Court issued a September 22, 2020 Opinion and Order denying Plaintiff's motion for remand, and Ordering as follows:

> "**ORDERED** that Plaintiff shall clearly and unequivocally identify the proper party or parties in interest, and clearly and unequivocally set forth the citizenship of that party or parties, within ten (10) days hereof"

(ECF No. 24); and

WHEREAS, on October 1, 2020, Plaintiff filed a letter from

counsel and a declaration of Tanya Henderson, Senior Vice President of Rushmore Loan Management Services LLC; and

WHEREAS, the letter and declaration stated that Plaintiff Rushmore Loan Management Services LLC is a limited liability company wholly owned by Roosevelt Management Company LLC, which is a Delaware limited liability company wholly owned by Roosevelt Parent LLC; and

WHEREAS, the letter and declaration stated that Roosevelt Parent LLC is a limited liability company whose ownership is split amongst "various entities," including "Delaware limited liability companies whose members are citizens of New Jersey"; and

WHEREAS, the letter and declaration failed to provide the identity of any such New Jersey citizens, but instead stated that "the identity and physical address of individual owners is not disclosed in public filings due [to] privacy and safety concerns"; and

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citations omitted) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts

original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000.  For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant."); and

WHEREAS, it is well-established that there is a "common law public right of access to judicial proceedings on records," In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).

THEREFORE,

IT IS HEREBY on this  24th  day of  November , 2020

**ORDERED** that Plaintiff shall clearly and unequivocally identify the ownership of Roosevelt Parent LLC, and clearly and unequivocally set forth the name and citizenship of at least one member of those entities that is a citizen of New Jersey on the public docket of this action, within fourteen (14) days hereof; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order and the accompanying opinion to Defendant by regular mail.

At Camden, New Jersey

/s Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.