UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| DAKOTA ASSET SERVICES LLC AS ATTORNEY-IN-FACT FOR U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT,<br><br>    Plaintiff,<br><br>    v.<br><br>GLENDA E. NIXON, KHALIL ABDUL HAKIM, and JANE & JOHN DOES 1 THROUGH 5,<br><br>    Defendants. | Civil No. 19-16126 (NLH/JS)<br><br>**MEMORANDUM OPINION & ORDER** |

---

**HILLMAN**, District Judge

    WHEREAS, this matter was removed by Defendant Khalil Abdul Hakim to this Court on the basis of federal question jurisdiction and diversity jurisdiction on July 31, 2019; and

    WHEREAS, the Court determined that no federal question had been plead, and Ordered Defendant to show cause why diversity jurisdiction existed as Defendant had not adequately alleged the citizenship of any party in the initial notice of removal, (ECF No. 4); and

    WHEREAS, the Court, understanding Defendant's *pro se* status and Third Circuit case law that provides some leeway to a removing party acting in good faith who may be unable to fully

identity the citizenship of an opposing party especially where, as here, the party purports to be a limited liability company, Ordered the parties to submit a joint certification as to their citizenship so the Court could assess whether diversity amongst the parties existed, (ECF No. 7 at 3); and

WHEREAS, the parties proceeded to file deficient responses, failing to properly set forth the citizenship of Plaintiff (ECF No. 8 and 9); and

WHEREAS, the Court had held multiple hearings attempting to ascertain the identity and citizenship of Plaintiff, but had never been provided a satisfactory answer to this central question; and

WHEREAS, on January 31, 2020, Plaintiff filed a motion to remand, arguing amongst other things that the Court lacks subject matter jurisdiction by way of diversity; and

WHEREAS, this Court issued a September 22, 2020 Opinion and Order denying Plaintiff's motion for remand, and Ordering as follows:

> "**ORDERED** that Plaintiff shall clearly and unequivocally identify the proper party or parties in interest, and clearly and unequivocally set forth the citizenship of that party or parties, within ten (10) days hereof"

(ECF No. 24); and

WHEREAS, on October 1, 2020, Plaintiff filed a letter from

2

counsel and a declaration of Tanya Henderson, Senior Vice President of Rushmore Loan Management Services LLC; and

WHEREAS, the letter and declaration stated that Plaintiff Rushmore Loan Management Services LLC is a limited liability company wholly owned by Roosevelt Management Company LLC, which is a Delaware limited liability company wholly owned by Roosevelt Parent LLC; and

WHEREAS, the letter and declaration stated that Roosevelt Parent LLC is a limited liability company whose ownership is split amongst "various entities," including "Delaware limited liability companies whose members are citizens of New Jersey"; and

WHEREAS, the letter and declaration failed to provide the identity of any such New Jersey citizens, but instead stated that "the identity and physical address of individual owners is not disclosed in public filings due [to] privacy and safety concerns"; and

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citations omitted) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts

3

original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000.  For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant."); and

WHEREAS, it is well-established that there is a "common law public right of access to judicial proceedings on records," <u>In re Cendant Corp.</u>, 260 F.3d 183, 192 (3d Cir. 2001); and

WHEREAS, on November 24, 2020, the Court therefore Ordered as follows:

> **"ORDERED** that Plaintiff shall clearly and unequivocally identify the ownership of Roosevelt Parent LLC, and clearly and unequivocally set forth the name and citizenship of at least one member of those entities that is a citizen of New Jersey on the public docket of this action, within fourteen (14) days hereof . . . ."

(ECF No. 27); and

WHEREAS, on December 7, 2020, Plaintiff filed a Corporate Disclosure Statement (ECF No. 28), which stated "Roosevelt Parent LLC is owned by Roosevelt Parent Feeder LLC, Roosevelt Senior Professional LLC, Roosevelt Delaware LLC and President

4

Intermediate Holding Company Inc. Roosevelt Parent Feeder LLC is owned in part by Jeff Toll, an individual who resides in Township of Livingston, County of Essex, State of New Jersey;" and

WHEREAS, the Corporate Disclosure Statement therefore pled the residence of one member of Roosevelt Parent Feeder LLC, but does not plead the state of citizenship of the member, see McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning."); Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (citations omitted) ("It is the citizenship of the parties at the time the action is commenced which is controlling.  One domiciled in a state when a suit is begun is 'a citizen of that state within the meaning of the Constitution, art. 3, § 2, and the Judicial Code.'  Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity."); and

WHEREAS, on December 15, 2020, the Court Ordered as follows:

> **ORDERED** that Plaintiff shall clearly and unequivocally set forth the name and **citizenship** of at least one member of

5

      Roosevelt Parent Feeder LLC that is a citizen of New Jersey on the public docket of this action, within fourteen (14) days hereof:"

(ECF No. 29); and

      WHEREAS, on December 28, 2020, Plaintiff filed an updated Corporate Disclosure Statement (ECF No. 34), which provided that "Roosevelt Parent LLC is owned by Roosevelt Parent Feeder LLC, Roosevelt Senior Professional LLC, Roosevelt Delaware LLC and President Intermediate Holding Company Inc. Roosevelt Parent Feeder LLC is owned in part by Jeff Toll, an individual who is a citizen of the State of New Jersey, who resides in, and intends to continue to reside in the Township of Livingston, County of Essex, State of New Jersey," and attached a declaration from Mr. Toll attesting to this fact; and

      WHEREAS, the Court therefore finds that Plaintiff is a citizen of New Jersey; and

      WHEREAS, Defendant Khalil Abdul Hakim has previously identified himself as a citizen of New Jersey, (ECF No. 9); and

      WHEREAS, the Court therefore finds that complete diversity of citizenship does not exist in this action, and the Court lacks subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

      THEREFORE,

      IT IS HEREBY on this 29th day of December, 2020

**ORDERED** that this action be, and hereby is, REMANDED to the Superior Court of New Jersey, Burlington County, BUR-DC-005474-19; and it is further

**ORDERED** that the Clerk shall mark this action as CLOSED; and it is finally

**ORDERED** that the Clerk shall mail a copy of this Order to Defendant by regular mail.

At Camden, New Jersey

/s Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.